{¶ 56} I respectfully dissent from the majority opinion regarding the fourth assignment of error because I believe the trial court abused its discretion in granting custody to the Kendalls. I concur in the outcome of the majority's resolution of the remaining assignments of error.
 {¶ 57} The testimony supports the trial court's finding that the Kendalls are, in reality, the only family Paul has ever known. And while the majority opinion takes care to go into detail about the evidence in support of granting custody to the Kendalls, it only mentions in passing the evidence in support of granting custody to the Halsteads. The problem is much of the evidence, not to mention the statutory presumption discussed in the Halsteads' third assignment of error, weighs in favor of awarding custody to the Halsteads.
 {¶ 58} Rachel Ketterman, the CCDJFS caseworker, testified that the agency's recommendation was that the court place Paul in long-term relative care. (Tr. 19). She stated that the agency based its recommendation on family values. (Tr. 19). Ms. Ketterman noted that they try to place children in the least restrictive environment and try to keep any kinship connections. (Tr. 19). She also noted that, by law, they are required to search for appropriate relatives for placement. (Tr. 19).
 {¶ 59} Margaret Stoffer, the guardian ad litem, also recommended that the court place Paul with the Halsteads. (Tr. 52). She noted that both homes were appropriate but because the Halsteads are Paul's family, she opined that placement with them would be in his best interest. (Tr. 52).
 {¶ 60} Paul's biological father also asked the court to place Paul with the Halsteads. (Tr. 124). He stated that if the Halsteads had custody of Paul, he would be able to grow up knowing who his "real dad is." (Tr. 125). And while Paul's biological mother testified she thought it was in Paul's best interest to remain with the Kendalls, she was not opposed to the court placing him with the Halsteads. (Tr. 60, 64). She based her opinion on the fact that Paul knows the Kendalls and is bonded with them. (Tr. 62).
 {¶ 61} In its judgment, the court stated that it was acting in what it believed to be Paul's best interest. However, given the statutory guideline that gives preference to relative placement, the recommendations of the caseworker and guardian ad litem, and the fact that both the Halsteads and the Kendalls would both provide caring, suitable homes for Paul, the court should have granted custody to the Halsteads.
 {¶ 62} Furthermore, another major problem in this case is that the children services agencies have let both Paul and the Halsteads down.
 {¶ 63} The Halsteads did all that they could to get custody of Paul. The same day Paul was removed from his parents, the Halsteads sought to have him placed with them. (Tr. 18). When they learned Paul could not be placed with them until they passed a home study, they complied. During the time they awaited the home study, the Halsteads maintained contact with CCDJFS. The home study was favorable to them. As soon as they received the results of the favorable home study, the Halsteads filed their motion for custody. Additionally, after they received the results of the home study, they began traveling to Ohio to visit with Paul.
 {¶ 64} From the time the Halsteads first sought custody of Paul in July 2002, it took the Ohio and Texas children services agencies over a year-and-a-half to evaluate their home for placement and file the results with the trial court. (Tr. 18). The home study was not ordered until June 2003 and was not completed until March 2004. (Tr. 24-25). This delay was completely unreasonable. Additionally, the court's judgment suggests that had the Ohio and Texas children services agencies acted promptly in approving the Halsteads' home for placement, it would have granted custody to them. We should not deprive Paul of the opportunity to grow up with his family based on the fact that the children services agencies involved with this case took an excessively long time in completing the home study. And we should not deprive the Halsteads from the chance to care for their nephew for the same reason.
 {¶ 65} For these reasons, the trial court's decision should be reversed.